GABRIEL GUERRERO, Plaintiff

v.

GOVERNMENT OF GUAM, Defendant

Civil No. 941-76
Superior Court of Guam
January 14, 1980

- - - - -

- - - - -

RAKER, Judge

## DECISION

This case came before the court for trial. Pursuant to Government Code §6500.15, trial was before the court, without jury.

During the course of the trial, testimony of plaintiff's witnesses disclosed that at the time of the incident alleged in plaintiff's complaint, plaintiff was driving a car belonging to the Guam Power Authority, that his car was assigned to plaintiff for this work, and at the time of the incident, plaintiff was driving the car to its assigned parking space, pursuant to standing instructions of his employer, the Guam Power Authority, at the time of the incident upon which the complaint is based, plaintiff was within the scope of his employment. Plaintiff did not willfully cause his own injury.

[1]During the course of the trial, the plaintiff's proof having established that plaintiff was within the scope of his employment at the time of the incident, the court itself raised the issue of whether or not this action was barred under the Workmen's compensation Law, Government Code Sections 37000 et. seq. This was proper and appropriate, for, although such a defense is normally barred by Rules of Civil Procedure 8(c) if not pleaded, the defendant may, nonetheless, take advantage of the plaintiff's proof, and, if necessary, the court will raise the issue itself. See, 2A Moore's Federal Practice Paragraph 8.27 [3] and Wright, and Miller, Federal Practice and Procedure: Civil §1278. The Court asked for argument on this point and the issue was briefed. Clearly, plaintiff is covered by the Workmen's Compensation Law.

This leaves, however, the question of whether or not the Government of Guam is a third party in relation to the plaintiff. If the Government of Guam is actually the plaintiff's employer, Government Code §37005 bars this action. If plaintiff is not an employee of the Government of Guam, then §37005 is no bar to this action. This much is clear, plaintiff is clearly an employee

7

of the Guam Power Authority. Therefore, the court must determine the relationship between the Guam Power Authority and the Government of Guam in order to determine the legal relationship between plaintiff and the Government of Guam. That is to say, if the Guam Power Authority is an agent of the Government of Guam, then plaintiff is an agent of the Government of Guam, the plaintiff is an agent of the Government of Guam, since a sub-agent, recruited by an agent with his principal's authority, is also an agent of the principal. Waggaman v. General Finance Co., 116 F.2d 254 (3rd Cir. 1940). The Guam Power Authority has specific authority to hire employees, Government Code §21503(9) and 21512. (Certainly the statutes do not contemplate that the Board of Directors of the Authority will personally provide electric power.) It would thus appear that employees of the Guam Power Authority are employees of the Government of Guam, at least for some purposes. Pursuant to Government Code §21509, the Authority is exempt from taxation. Employees of the Authority are members of the Government of Guam Retirement Fund pursuant to Government Code §21512(b). This is all consistent with Authority employees being employees of the Government of Guam.

However, Government Code §21502 is, at first blush, ambiguous. It reads as follows:

§21502. Establishment. There is within, and a public corporation and autonomous instrumentality of, the Government of Guam a Guam Power Authority.

[2]In determining whether or not agency relationship exists, control, or the right to control is considered. See, Restatement, Agency 2d, p. 485, sec. 220. If the Guam Power Authority is "autonomous" as set forth in §21502, how can an agency relationship exist between it and the Government of Guam? Yet, the same §21502 sets forth that the Guam Power Authority is an "instrumentality" of the Government of Guam. This is an apparent contradiction.

It is unthinkable that the Legislature would have intended the Authority to be other than an instrumentality of the Government of Guam. Further language in §21502 speaks of the Authority's being "within the government". With all the Authority's special privileges, which include exemption from taxation, government retirement benefits, etc., the Guam Power Authority Act of 1968 would clearly be void as violative of 48 U.S.C. §1471 if the Authority were not within the Government of Guam. Where the court is faced with two interpretations, one of which would hold the statute wholly void and the other of which would uphold the statute, it is clear that the legislative intent must be the latter interpretations.

8

Since the Guam Power Authority is definitely within and an instrumentality of the Government of Guam how is this to be squared with §21502's provision for "autonomy"? It is clear that this autonomy is relative. Some cases would hold that such an agency is an executive agency over which the chief executive retains certain powers of direction. See Myers v. United States, 273 U.S. 52, 47 S.Ct. 21 (1926) and Morgan v. Tennessee Valley Authority, 115 F.2d 990 (6th Cir. 1940). However, it is unnecessary for the court to consider the question, as numerous examples of control by the Government of Guam, as a whole, exist, and these establish sufficient control by the Government of Guam over the Guam Power Authority to be consistent with an agency relationship, notwithstanding the word "autonomous" in §21502. For example, the Civil Service Commission approves and the Governor promulgates the Guam Power Authority's personnel regulations under Government Code §4004. The Governor nominates and appoints, with the advice and consent of the Legislature, the Guam Power Authority's Board of Directors pursuant to Government Code §21504(a). The Legislature has exercised control over the Guam Power Authority by enacting the Guam Power Authority Revenue Bond Act of 1968 (Government Code Sections 21550-21591). The Legislature has power to enact further legislation affecting the Authority. The Authority's rate structure is subject to detailed regulations by the Public Utilities Commission pursuant to Government Code Sections 21000 et. seq. In brief, it is not necessary for the court to decide, and the court therefore does not decide, how much control the Executive Branch exercises over the Authority and how much control the Legislative Branch exercises. It is sufficient, and the court holds that the Executive and Legislative Branches exercise sufficient control, and have a right to sufficient control, to show an agency relationship between the Government of Guam and the Authority consistent with the words "instrumentality" and "within . . . . the government" and notwithstanding the word "autonomous", all contained in §21502. The court need not and does not apportion that authority between the Legislative and Executive Branches. For all the above reasons, this court holds that plaintiff is an agent and employee of the Government of Guam and that this claim is, therefore, barred by operation of Government Code §37005.

Further, Government Code §21512(c), which was passed as part of the Guam Power Authority Act of 1968, as originally passed, specifically states that the manager, secretary, treasurer, comptroller and attorney of the Authority are not within the classified service of the Government of Guam. Where it appears clearly from the tenor of the statute that employees of the Authority are employees of the Government, and the Legislature specifically exempts certain people from the operation of the statue, it is strong evidence that the

Legislature intended that all other employees be within the classified service or, at the very least, simply employees of the Government of Guam. Otherwise, Government Code §21512(c) would serve no purpose.

[3]It should be further noted that while Authority employees are covered by Workmen's Compensation, the benefits are actually paid from the Government of Guam's Workmen's Compensation Fund, Government Code §21512(b). Although the Fund may recoup these payments from the Authority on an annual basis pursuant to this Section, the liability for Workmen's Compensation payments is upon the Government of Guam. This being the case, the Government of Guam cannot, as a matter of law, be a third party with respect to plaintiff. See, Brown v. Arrington Construction Co., 74 Idaho 338, 262 P.2d 789, dicta (1953). The case cited by plaintiff in this regard are unpersuasive. Thus, the bare fact that compensation to plaintiff under the Workmen's Compensation Law would come from the Government of Guam's Workmen's Compensation Fund is sufficient to bar plaintiff's claim under Government Code §37005.

Although Government Code §6500.10 speaks of suing the Government of Guam as the exclusive remedy, this is a law of general applicability. This Section does not, therefore, override the specific provisions of Government Code 37005 that make the Workmen's Compensation Law the exclusive remedy against the Government of Guam in some cases. See, 1A Sutherland, Statutory Construction Section 23.16. See also, Government Code §6500.12.

Judgment shall be for defendant.